UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>GARY MALMQUIST, et al.,<br><br>Defendants. | No. 2:19-cv-01520 TLN AC (PS)<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has previously been granted leave to proceed in forma pauperis ("IFP"). <u>See</u> 28 U.S.C. § 1915(a)(1), ECF No. 5.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

////

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. Procedural History and Complaint

Plaintiff initially filed a 221-page complaint pursuant to 42 U.S.C. § 1983, but the complaint was entirely incomprehensible. ECF No. 1. The language used in the compliant and the vast multitude of muddled facts made it impossible for the court to summarize the contents. ECF No. 5 at 3. The complaint contained many attachments, including documents from various prior court proceedings and written notes from the plaintiff. Id. The court rejected the complaint because it did not contain a "short and plain" statement setting forth the basis for federal jurisdiction, plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1) (3). The court granted plaintiff leave to file an amended complaint within 30 days. Id. at 5. The court instructed plaintiff that the amended complaint could be no longer than 25 pages.

Shortly before the court's order granting leave to amend was placed on the docket, plaintiff filed a first amended § 1983 complaint ("FAC"). ECF No. 4. The FAC alleges that plaintiff is being recklessly prosecuted by cruel and "false intents" and inhumane driven hatred. Id. at 3. Though the exact allegations are difficult to decipher, plaintiff makes reference to an arresting officer Deputy Teri Cissna. Id. a 4. In the same paragraph, plaintiff mentions a "replacement roommate" who, after selling his $2,000,000 family home, was coming to replace a "drunker roommate," which allegedly led to a false police report by Cissna. Id. Plaintiff states his claims occurred at El Dorado County Jail, where he was placed in 6 months "solitaire conditions." Id. Plaintiff also references "artisan tools of the trade" which were lost by a judicial order that caused them to be placed in a public storage facility. Id. Plaintiff states that he seeks $150,000,000 for the loss of life, liberty and artistic profits. Id. at 5.

////

Before the court evaluated the FAC, plaintiff filed another amended § 1983 complaint on September 8, 2019, which the court construes as a second amended complaint ("SAC"). ECF No. 6. Like the initial complaint, the SAC is again 221 pages, and entirely incomprehensible. Id. The court is unable to summarize plaintiff's SAC because of the language used and the multitude of muddled facts presented.

   B. Analysis

Because the FAC has not yet been screened, the court will address both the FAC and SAC, though the SAC supersedes. The FAC does not state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and therefore cannot be served. Though it is more concise than the first and third-filed complaints, it still presents disconnected statements that do not support any identifiable legal claim. For example, when asked on the form complaint what constitutional or statutory rights have been violated, plaintiff states "The Constitutional rights of a brain injured handicapped person, being recklessly prosecuted by cruel, false intents of inhumane driven hatred. The Constitutional ignorance of kindness by fellow men." ECF No. 4 at 3. Plaintiff indicates that he will supply the exact "placements of the code reference" when he figures out how to graciously process it, and states that it exists in the "relative biblical structures of humanity." Id. The only allegation in the FAC that remotely resembles a fact that could support a legal claim is plaintiff's reference to Officer Cissna making a false police report, but that fact is stated without any comprehensible context. Id. at 4. Plaintiff's FAC does not identify any constitutional or statutory right that has been violated, and he does not allege facts supporting the violation of any right. Thus, the FAC does not meet the requirements of Fed. R. Civ. P. 12(b)(6), which requires that plaintiff be able to state a plausible claim upon which relief can be granted. Twombly, 550 U.S. at 570.

The SAC, like the original complaint, is frivolous and incomprehensible and requires dismissal under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6). As discussed above, the SAC cannot be summarized because of the extensive volume of apparently disconnected and difficult to decipher allegations it contains. Further, the FAC violates the undersigned's express instruction that any amended complaint be no longer than 25 pages. Compare ECF No. 5 at 5 and

ECF No. 6.  Accordingly, the SAC cannot be served.  Plaintiff, having already been given the opportunity to amend, and having filed three frivolous complaints in this case, has made it clear by the contents of his FAC and SAC that he will be unable to produce a viable complaint.  Accordingly, further leave to amend would be futile.  <u>Noll</u>, 809 F.2d at 1448.

## IV.  CONCLUSION

IT IS HEREBY RECOMMENDED that all claims against all defendants be DISMISSED with prejudice and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 16, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE