UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>GARY MALMQUIST, et al.,<br><br>Defendant. | No. 2:19-cv-01520-TLN-AC<br><br>**ORDER** |

Plaintiff Jean Marc Van Den Heuvel ("Plaintiff"), proceeding *pro se*, filed the above-entitled civil rights action under 42 U.S.C. § 1983. This matter is before the Court pursuant to Plaintiff's "Requests"[1] to reverse the Order dismissing the action and entering judgement (ECF Nos. 11–13), which this Court construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure ("Rule") 59(e). For the reasons set forth herein, Plaintiff's motion is DENIED.

///

///

---

[1] Plaintiff's filing is titled "Requests for Reversals of Reviews on Processed, Orders,Honorable Troy L.Nunley 11/26/2019 The Filings to the Oeders by Magistrate Allison Clairs,October 26.2019 Answers in the Requested Time Frames,By the Plaintiff as Requested:; 10/31/2019 : The Objections of the Findings by Honorable Alison Claire, with Due Explanations, to Cure the Defects,By Plaintiff" (errors and misspellings in original) (ECF No. 13).

1

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff initiated this action on August 8, 2019. (ECF No. 1.)  On September 2, 2019, the magistrate judge screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, and found that the 221-page Complaint contained a multitude of attachments, muddled facts, and was nearly incomprehensible and therefore did not contain a "short and plain" statement as required by Rule 8(a)(1)–(3).  (ECF No. 5 at 3.)  Accordingly, the Court dismissed Plaintiff's Complaint but granted Plaintiff leave to amend, instructing Plaintiff to limit any amended complaint to no more than 25 pages.  (*Id.* at 3–4.)

On August 27, 2019, shortly before the screening order was placed on the docket, Plaintiff filed a First Amended Complaint ("FAC"), which alleges Plaintiff is being recklessly prosecuted and makes references to an arresting officer, "artisan tools of the trade" which were lost due to a judicial order, and possibly an altercation between a "replacement roommate" and a "drunker roommate."  (*See* ECF No. 4.)  On September 19, 2019, before the Court evaluated the FAC but after issuance of the order screening the Complaint (ECF No. 5), Plaintiff filed another "First Amended Complaint," which the Court construed as Plaintiff's Second Amended Complaint ("SAC").  (ECF No. 6.)  This version of the complaint exceeded 100 pages and contained numerous attachments.  (*Id.*)

On October 17, 2019, the magistrate judge issued findings and recommendations that addressed both the FAC and SAC.  (ECF No. 9.)  The Findings and Recommendations found Plaintiff received sufficient opportunity to amend, filed three frivolous and incomprehensible complaints, and failed to comply with the 25-page limit, making it clear that he would be unable to produce a viable complaint.  (*Id.* at 4–5.)  Therefore, the Findings and Recommendations recommended that all claims against all Defendants be dismissed, with prejudice, and that the case be closed.  (*Id.* at 5.)  Plaintiff was directed to file any objections to the Findings and Recommendations within 21 days.  (*Id.*)  Instead of filing objections, however, on November 5, 2019, Plaintiff filed a Third Amended Complaint ("TAC").[2]  (ECF No. 10.)

---

[2]    Plaintiff's TAC was not screened before the Court adopted the already pending Findings and Recommendations.  However, the Court notes Plaintiff did not obtain leave to file another

2

On November 26, 2019, this Court adopted the Findings and Recommendations, dismissed all claims against all Defendants, with prejudice, and closed the case. (ECF No. 11.) Judgment was entered on the same day. (ECF No. 12.) On December 5, 2019, Plaintiff filed the instant 44-page "Requests," which the Court construes as a motion for reconsideration. (ECF No. 13.) The Court addresses and DENIES Plaintiff's motion for the reasons stated herein.

## II. STANDARD OF LAW

The Court may grant reconsideration under Rule 59(e) or 60. *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order. *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Plaintiff's motion was filed within 28 days of entry of judgment and is therefore construed as a motion to alter or amend the judgment under Rule 59(e).

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). Nevertheless, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell*, 197 F.3d at 1255. Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been

///

---

amended complaint. Further, even construing the filing as a motion to amend pursuant to Rule 15, Plaintiff's request would have been denied on the basis that the proposed TAC remains as incomprehensible as Plaintiff's original Complaint, FAC, and SAC, again demonstrating that further amendment in this action would be futile.

3

raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111.

### III.   ANALYSIS

The Court finds Plaintiff fails to advance any argument that establishes he is entitled to relief under Rule 59(e). Plaintiff's 44-page motion, like the earlier versions of his complaint, is difficult to understand because it is written in a stream-of-consciousness format. (*See* ECF No. 13 at 1–2.) In the first two pages of his motion, Plaintiff appears to request that the Court reverse the magistrate's findings and allow him to cure the errors of his previous complaints. (*Id.*) There does not, however, appear to be any argument of newly discovered facts, change in circumstances, or errors of law which would require the Court to reconsider its judgment pursuant to Rule 59(e). (*See id.*); *Allstate Ins. Co.*, 634 F.3d at 1111.

Nor does Plaintiff provide any justification for his failure to file objections to the Findings and Recommendations (ECF No. 9) he now seeks to reverse. At most, Plaintiff attaches several pages of the Findings and Recommendations that are underlined in certain sections that, presumably, Plaintiff takes issue with.[3] (ECF No. 13 at 3–7.) But, again, Plaintiff provides no context or argument for the Court to consider.

To the extent Plaintiff requests an explanation for why the case has been closed and suggests he did not previously receive this explanation from the Court (*id.* at 1), Plaintiff's

---

[3]  The remainder of Plaintiff's motion consists of several attachments, the purposes of which are unclear. (ECF No. 13 at 9–44.) The attachments are as follows: (1) several pages from Plaintiff's TAC (*id.* at 9–14); (2) a health care report from Sutter Hospital (*id.* at 15–25); (3) a health care report of unknown origin (*id.* at 26–30); (4) a doctor's letter regarding Plaintiff's emotional support dog (*id.* at 31); (5) several complaints to the State Bar of California against various attorneys (*id.* at 32–34); (6) a "Monthly Prescription Drug Summary" (*id.* at 35–39); and (7) a "Check into Cash" loan agreement (*id.* at 40–44).

4

argument is unavailing. The Findings and Recommendations (ECF No. 9), which Plaintiff attached to the instant motion (ECF No. 13 at 6–7), clearly articulates the reasons for the Court's judgment in this case. (*Id.*) Therefore, Plaintiff's request for an explanation, which he has already received, does not provide any basis to reconsider his motion.

Finally, the Court notes that, despite having multiple opportunities to amend, Plaintiff has repeatedly failed to state a cognizable claim or to comply with the Court's page limit. Nothing in Plaintiff's motion indicates a change in circumstances, facts, or law that would now allow him to cure those defects. Accordingly, Plaintiff fails to establish he is entitled to the extraordinary remedy he seeks under Rule 59(e). *Allstate Ins. Co.*, 634 F.3d at 1111; *McDowell*, 197 F.3d at 1255 n.1. For the foregoing reasons, Plaintiff's motion must be DENIED.

### IV. CONCLUSION

Plaintiff fails to meet the standard for relief under Rule 59(e). Accordingly, for the reasons discussed herein, Plaintiff's motion (ECF No. 13) is DENIED.

IT IS SO ORDERED.

Dated: February 21, 2020

Troy L. Nunley
United States District Judge